# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO LEON, | CASE NO. 1:11-cv-00601-LJO-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| SCI G. VASQUEZ, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## SCREENING ORDER

### I. PROCEDURAL HISTORY

Plaintiff Ernesto Leon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 14, 2011. (ECF No. 1.) His Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

//

///

1

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of the Fourteenth Amendment. Plaintiff names the following individuals as Defendants: SCI G. Vasquez, Correctional Sergeant Pilkerton, Associate Warden A. F. Hernandez, AGPA S. Zuiani, and Does 1-20.

2

Plaintiff alleges the following: On September 16, 2009, Plaintiff was removed from his assigned job by Defendant Vasquez because of a comment made by another inmate. Defendant Vasquez reported in a informational chrono that Plaintiff displayed inappropriate sexual behavior in the work place. Plaintiff filed a 602 grievance in response. At the first level, Defendants Pilkerton and Hernandez overlooked the issue that Plaintiff was removed from a paying job and placed into a nonpaying position without receiving a rules violation report. At the second level, Plaintiff's appeal was granted. He was given a work assignment with the same pay as the position he was removed from.

Plaintiff tried to file a citizen's complaint against Defendant Vasquez pursuant to CCR title 15 section 3084.1(e). However, Defendant Zuiani hindered this attempt.

Plaintiff seeks punitive damages.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   False Accusations

Plaintiff appears to be alleging that Defendant Vasquez violated his due process right when she filed a false informational chrono.

3

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of law." Id. Thus, as long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim. Id.; Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Under the Due Process Clause, a prisoner is entitled to certain procedural protections when he is charged with a disciplinary violation. Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974). These protections include a written notice at least twenty-four hours before the disciplinary hearing, an opportunity to call witnesses and present documentary evidence, and a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken. Id.

Here, Plaintiff claims that the informational chrono authored by Defendant Vasquez somehow violated his Fourteenth Amendment. However, as stated above, a prisoner does not have a constitutionally protected right in not being falsely accused. Prisoners do have a right to due process once that allegation or charge has been made, assuming some process is needed. From the current description of the case, the Court is unable to determine what, if any, due process Plaintiff was entitled to. Plaintiff will be given leave to amend and attempt to state such a claim.

//

///

4

## B. Prison Job

Plaintiff alleges that Defendants Vasquez, Pilkerton and Hernandez violated his due process right when he was removed from his paying position and placed in a nonpaying position.

Plaintiff has no liberty interest in having or keeping a particular prison work assignment. Indeed, inmates have no constitutional right to work. Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 845 (9th Cir. 1985). Although California created a sentence credit scheme in exchange for performance in a work, training, or education program, the scheme does not create a state liberty interest. Toussaint v. McCarthy, 801 F.2d 1080, 1094–95 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987) abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Moreover, the expectation of keeping a particular job, or any job, in prison does not implicate a property or liberty interest entitled to Fourteenth Amendment due process protection. James v. Quinlan, 866 F.2d 627, 630 (3rd Cir. 1989), cert. denied, 493 U.S. 870 (1989); see also Bravot v. Calif. Dept. of Corr., 2006 WL 47398, *4 (E.D.Cal. Jan. 9, 2006) ("Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to reinstatement in his old position[.]") Instead, particular job assignments of prisoners are matters of prison administration in which federal courts should not interfere. See Gardner v. Johnson, 429 F.Supp. 432, 434 (E.D.Mich. 1977) ("Federal courts have traditionally been reluctant to interfere in the administration of state prisons absent a clear showing of constitutional deprivation.").

Because Plaintiff has neither a liberty interest nor a property interest in his prison

job, Plaintiff was not entitled to any procedural due process protections in conjunction with the loss of his job. Further, Plaintiff has alleged no facts suggesting that he was removed from the job on a basis that infringed upon any constitutionally protected interests. Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

Plaintiff will be given leave to amend. However, it appears that Plaintiff would be well-served in concentrating on his other claims.

### C.  Citizen's Complaint

Plaintiff argues that Defendant Zuiani violated his due process right by creating barriers to him filing a citizen's complaint.

Defendant's actions in responding (or failing to respond) to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. Interests protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). However, California Code of Regulations, title 15 section 3084 et seq. grants state prisoners the right to a prison appeals process. The regulations are purely procedural—they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards. Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81

F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Accordingly, a prison official's failure to process grievances, without more, is not actionable under Section 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez, 334 F.3d at 860 (prisoner's claimed loss of liberty interest in processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").

Plaintiff states that Defendant Zuiani screened out his citizen's complaint because it was not filed timely. However, Plaintiff fails to highlight the protected liberty interest and what creates it. As stated above, prisoners do not have any stand alone due process right to certain appeal processes in the administrative grievance procedure. Thus, Plaintiff has failed to state a due process claim. The Court will grant him leave to amend and attempt to state such a claim.

### D. Violation of Prison Regulations

It appears that Plaintiff is alleging that Defendants violated prison policy or regulations through their actions or inactions. An allegation that a defendant violated a prison policy is not sufficient to state a constitutional claim. See Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy)). "In

order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a violation of prison policy." Moore v. Schuetzle, 486 F.Supp.2d 969, 989 (D.N.D. 2007). Accordingly, Plaintiff's allegation that Defendants violated Section 1983 by failing to comply with a prison regulation fails to state a claim upon which relief could be granted.

### E.   Doe Defendants

Plaintiff names as Defendants Does 1-20. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that John Doe Defendant can not be served by the United States Marshal until he has identified him as an actual individual and amended his complaint to substitute the Defendant's actual name. The burden remains on Plaintiff to promptly discover the full name of Doe Defendant; the Court will not undertake to investigate the names and identities of unnamed defendants. Id. The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient identification.

//
///
//

## V.  CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

//

9

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-601-LJO-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: September 16, 2011

UNITED STATES MAGISTRATE JUDGE